990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph TERRIZZI, Jr., Petitioner-Appellant,
v.
CCI TEHACHAPI WARDEN, Respondent-Appellee.
 No. 92-55877.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 14, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and FITZGERALD**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Joseph Terrizzi, Jr. brings an action of habeas corpus seeking release from imprisonment after conviction in California of two counts of forcible oral copulation in violation of Penal Code § 288(A)(c), each while armed with a knife; rape by a foreign object in violation of Penal Code § 289(a); forcible rape in violation of § 361(2); kidnapping of the victim for this purpose in violation of § 667.8(a); and robbery in violation of id. § 211. The district court denied his petition. We affirm the district court.
 
 FACTS
 
 4
 The facts as stated in an unpublished opinion of the Court of Appeal for the Fourth Appellate District, July 5, 1990, are that Terrizzi met Mr. Plesinski while they were both in federal prison. He asked Plesinski if he could stay with him on his release and Plesinski agreed. Terrizzi stayed at the Plesinski home beginning on May 15, 1988.
 
 
 5
 On May 31, 1988 Mrs. Plesinski was taking $19,000 in cash to San Diego. Terrizzi asked if he could ride with her to see his girlfriend. She agreed. En route he produced a kitchen knife from his pocket and told her to do what he said or he would kill her. He thereupon took the cash from her purse. He pulled out a second knife and put both knives on the dashboard. He told her to leave the freeway and drive to a dirt field where he engaged in sexual actions with her against her will. He then drove her to San Diego to the Amtrak station where he again engaged in sexual relations against her will.
 
 PROCEEDINGS
 
 6
 On June 15, 1989 Terrizzi appeared in the Superior Court of San Diego County, accompanied by his counsel, Wayne Gomez. Terrizzi told the court that he wished to waive a preliminary hearing. The court examined him as to whether he knew what rights he was giving up. Gomez stated that he was opposed to the waiver because it deprived him of the opportunity to cross-examine the victim. Terrizzi said that he understood this objection and that he considered Gomez "to be a very good attorney. He has my best interests at heart." Terrizzi continued, however, to state:
 
 
 7
 I admit guilt right now in open court on the record of the charges which I am charged with, and I would say to the victims, Mrs. Plesinski and Mr. Plesinski, that I'm truly sorry for what I did, and I know I'm going to prison. I'm not saying that for leniency, but as a statement of fact. I don't want there to be a preliminary hearing because it would break the scab, so to speak, on the wound on the harm and damage I have caused Mrs. Plesinski and I'm sorry for the terrible thing I did against her and her husband. That's why I don't want there to be a preliminary hearing.
 
 
 8
 Gomez then advised the court that there had been plea negotiations but there had been no agreement between the district attorney and the public defender's office. The court advised Terrizzi that by waiving the preliminary hearing and going directly to the Superior Court, he was rejecting the possible plea bargain. Terrizzi stated:
 
 
 9
 Yes I want to reject the plea bargain at this time, and like I said before, I admit the guilt ... the judge somewhere will decide how much time I get and that burden is upon him, and I have done what I have to do."
 
 
 10
 The court then asked him if he knew what a plea bargain involved and noted that the court had "not entered into any plea bargain, and as far as what my sentence will be, that only comes after I read the probation report." Terrizzi replied: "I understand that if I enter into that plea bargain that I could get a maximum of 41 years of incarceration; is that correct?" The court said: "That is correct." The court then explained at some length how his sentence might be calculated and what would happen if Terrizzi admitted that during the commission of the kidnapping and sex crimes he used a knife. Terrizzi observed, "My purpose in kidnapping Mrs. Plesinski was to obtain from her $19,000 in cash. The fact that sex took place was not a premeditated factor in the incident."
 
 
 11
 After this extensive colloquy a recess occurred. Terrizzi returned to make a change of plea to guilty. The court examined him in detail as to each charge as to which he was pleading guilty. For example, the court noted that during the commission of the forcible act of oral copulation Terrizzi was charged with being "armed with a deadly weapon, a knife" and asked: "Do you admit or deny this allegation, sir?" Terrizzi replied: "I admit it, your honor." The court continued: "Did you use a knife during the commission of this act, sir?" Terrizzi replied: "Two knives, sir."
 
 
 12
 The court also discussed the plea bargain that had preceded this court session in which the district attorney had agreed to dismiss count 1 of the complaint and certain allegations attached to counts 2, 3, 4, 5, and 6. The court asked: "Are those the promises that you believe existed in your case?" Terrizzi replied affirmatively.
 
 
 13
 On September 7, 1989 the Superior Court imposed a sentence on Terrizzi of 41 years. He appealed. Appointed appellate counsel presented no argument for reversal but asked the court to review the record for error as mandated by People v. Wende, 25 Cal.3d 436 (1979). Terrizzi filed his own brief asking his guilty plea be set aside and asserting that his appellate lawyer was incompetent. He declared that his trial attorney and the sentencing judge "encouraged him to enter the plea against his will and understanding." The Court of Appeal for the Fourth Appellate District on July 5, 1990 found the record to evidence "no grounds for withdrawal of the plea.... Terrizzi freely pleaded guilty to all offenses and understood the consequences of his plea. He has been competently represented by counsel below and on this appeal."
 
 
 14
 Terrizzi filed a petition for writ of habeas corpus on the same grounds with the Supreme Court of California, which denied it. He then filed a writ of habeas corpus in the federal district court for the Southern District of California which denied it for failure to demonstrate that he had exhausted his state remedies. He then filed a petition for writ of habeas corpus in the Superior Court, which denied it, finding that Terrizzi had freely pleaded guilty to all the offenses and understood the consequences of his plea.
 
 
 15
 On March 15, 1991 Terrizzi filed a petition for writ of habeas corpus in the federal district court, contending that his trial counsel was incompetent; that he had never pled guilty to any crime involving forcible sexual activity; that his plea was involuntary and coerced; and that the plea proceedings deprived him of due process of law. In a memorandum opinion of October 8, 1991 the district court denied his petition.
 
 
 16
 We AFFIRM on the basis of the district court's order.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3